THE HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWO GUYS, INC., a Washington Corporation, a.k.a. FRANCHISE INFUSION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICK-N-WILLY'S FRANCHISE COMPANY, LLC, a Colorado limited liability company; and RICHARD WEIL, a Colorado resident,<br><br>Defendants. | No.: 3:11-cv-05537<br><br>DEFENDANT NICK-N-WILLY'S FRANCHISE COMPANY, LLC'S MOTION TO DISMISS, ALTERNATIVE MOTION TO COMPEL MEDIATION, AND ALTERNATIVE MOTION TO TRANSFER<br><br>(Pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(6), and 28 U.S.C. § 1406(a))<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTE ON MOTION CALENDAR:<br>August 26, 2011 |

Defendant Nick-n-Willy's Franchise Company, LLC ("Nick-n-Willy's") moves the Court for an order dismissing Plaintiff Two Guys, Inc., a.k.a. Franchise Infusion, Inc.'s ("Plaintiff's") Complaint (or, in the alternative, compelling mediation), because the Area Developer Marketing Agreement (the "Agreement") at the root of Plaintiff's claims requires mediation of this dispute.  Under the Agreement, the parties expressly agreed to mediate all claims arising out of the Agreement in accordance with the American Arbitration

///

///

Association's ("AAA's") current mediation rules, with a few narrow exceptions—none of which apply in this case.  The Court should enforce that provision.

In the alternative, Nick-n-Willy's moves the Court for an order dismissing this case because it was filed in the improper venue, or—in the alternative—transferring this case to the United States District Court for the District of Colorado, in accordance with the Agreement's forum selection clause.

This motion is based upon Fed. R. Civ. P. 12(b)(3) and 12(b)(6), 28 U.S.C. § 1406(a), the following Points and Authorities, the supporting Declaration of Richard J. Whittemore, and all pleadings, papers, and documents on file with the Court.

Nick-n-Willy's requests oral argument on this motion.

## I. POINTS AND AUTHORITIES

**A.  Factual Background.**

The parties to this dispute entered into the Area Developer Marketing Agreement in November of 2007.  A provision in that Agreement states that:

> [N]o party shall file a legal action seeking enforcement or any other legal remedy relating to or arising under this Agreement until the dispute has been submitted to a non-binding mediation proceeding . . . .

See Declaration of Richard Whittemore in Support of Defendant Nick-n-Willy's Franchise Company, LLC's Motion to Dismiss ("Whittemore Decl."), Ex. 1, § 19.2.  The Agreement sets out the non-binding mediation proceeding procedures in painstaking detail.  Under the agreed-upon mediation proceeding procedures:

- "The mediation shall be conducted in accordance with the American Arbitration Association's ("AAA") then current mediation rules, but need not be administered by the AAA unless the parties cannot agree upon the selection of a mediator within thirty days of the receipt of the written demand for mediation.  If the parties cannot reach agreement upon the selection of a

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 2

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

mediator, either party may commence the mediation process by filing a written demand for mediation with the AAA, with a copy to the other party. . . ." *Id.* at § 19.2(a).

- ""The mediation will be conducted by a single mediator with no past or present affiliation with [Nick-n-Willy's], the [Plaintiff], or any other party to the mediation. . . ." *Id.* at § 19.2(b).

- "In the event that the parties cannot agree on a mediator and the AAA administrators the mediation, the AAA shall provide the parties with a list of mediators willing to serve.  If the parties do not agree upon a mediator, and so advise the AAA in writing, within 10 days of receipt of such list, the AAA shall appoint the mediator. . . ." *Id.* at § 19.2(c).

- "The mediation proceeding shall commence within 30 days after selection of the mediator.  . . ." *Id.* at § 19.2(d).

- "At least 7 days before the first scheduled session of mediation, each party shall deliver to the mediator and to the other party a concise written summary of its position with respect to the matters in dispute . . . ." *Id.* at § 19.2(e).

- "The parties shall participate in good faith in the mediation with the intention of resolving the dispute, if at all possible. . . . ." *Id.* at § 19.2(f).

- "During the mediation, the mediator may have joint and separate meetings with the parties and their counsel, at the mediator's discretion.  The mediation proceeding shall continue until conclusion, which is deemed to occur when: (i) a written settlement is reached, (ii) the mediator concludes and informs the parties in writing that further efforts would not be useful, or (iii) the parties agree in writing that an impasse has been reached.  Neither party may withdraw before the conclusion of the mediation proceeding." *Id.* at § 19.2(g).

///

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER — Page 3

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

- "The mediation proceeding will be treated as a compromise settlement negotiation. . . . ." *Id.* at § 19.2(h).

The Area Developer Marketing Agreement further provides that:

> [I]f a claim is asserted in any legal proceeding involving [Plaintiff] . . . , the parties agree that the exclusive venue for disputes between them shall be in the state and federal courts located in Denver, Colorado, and each party waives any objection they may have to the personal jurisdiction or venue in the state and federal courts located in Denver, Colorado.

*Id.* Plaintiff brought this lawsuit in Clark County Superior Court without seeking prior mediation of the parties' dispute. *Id.*, ¶ 3. This action was removed to the United States District Court for the Western District of Washington on July 14, 2007.

**B.      Legal Argument.**

Nick-n-Willy's respectfully moves the Court for an order dismissing this action pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim), because Plaintiff has filed this lawsuit prematurely and in the wrong venue—ignoring the mandatory mediation and forum selection clauses in the Agreement. Nick-n-Willy's alternatively seeks an order compelling mediation of Plaintiff's claims.

In the event that its motions to dismiss are denied, Nick-n-Willy's moves, in the alternative, that the Court transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the District of Colorado.

**1.      The Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted; in the alternative, the Court should stay this litigation and compel mediation.**

**a.      The Court should dismiss Plaintiff's Complaint under Fed. R. 12(b)(6) for failure to state a claim.**

Under the terms of the Agreement, Plaintiff was required to submit its dispute—which arises out of the Agreement—to a non-binding mediation proceeding before filing this

///

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER — Page 4

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1 | legal action seeking legal remedies relating to the Agreement.  Plaintiff has failed to comply
2 | with that requirement under the Agreement.

3 |       Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of complaints when
4 | the pleading makes it clear that relief may not be granted.  Where a suit has been filed in
5 | violation of a contractual provision requiring pre-litigation procedures, dismissal pursuant to
6 | Rule 12(b)(6) has been found to be warranted.  For example, in *Willis Corroon Corp. of*
7 | *Utah, Inc. v. United Capitol Insurance Co.*, 1998 WL 30069 (N.D. Cal. 1998), the parties to
8 | an insurance coverage dispute had agreed that a lawsuit could not be filed until 30 days after
9 | an unsuccessful conclusion of mediation.  The parties engaged in unsuccessful mediation, but
10 | the plaintiff filed suit fewer than 30 days thereafter, and the defendant moved to dismiss the
11 | complaint under Rule 12(b)(6).  The Court granted the motion and dismissed the action as
12 | premature.

13 |       Moreover, mandatory mediation clauses such as the one in the Agreement are
14 | enforceable.  *R&F, LLC v. Brooke Corp*, No. 07-2175-JWL, 2008 WL 294517, * (Jan. 31 D.
15 | Kan. 2008) (enforcing mandatory mediation clause in insurance agency franchise
16 | agreement); *Gerber v. Riordan*, 535 F. Supp. 2d 860 (N.D. Ohio 2008) (noting that plaintiff's
17 | tort claims were subject to a mandatory mediation clause in a publishing contract).  They
18 | prohibit parties from doing what Plaintiff has done here—suing prior to mediating.  *Amica*
19 | *Mutual Ins. Co. v. Salecker*, 212 A.D.2d 865, 866-67, 622 N.Y.S.2d 377 (N.Y. App. Div.
20 | 1995) (applying same rule with regard to mandatory arbitration clause).

21 |       Accordingly, the Court should dismiss Plaintiff's Complaint for failure to state a
22 | claim for which relief can be granted—Plaintiff is not entitled to pursue any claims arising
23 | out of the Agreement until it has submitted those claims to mandatory mediation.

24 | ///
25 | ///
26 | ///

### b. In the alternative, the Court should stay this litigation and compel mediation.

The majority of courts that have addressed the issue of pre-suit mediation clauses have held that mediation clauses are similar to arbitration clauses and should therefore be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-15 (the "Act"). Of course, the Act strongly favors enforcement of arbitration clauses in commercial contracts. *See, e.g.*, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). Reasoning that mediation provides similar efficiency advantages as arbitration and thus serves the same purpose, several of these courts have relied on the Act to compel mediation.

In *Fisher v. GE Medical Systems*, for instance, a district court applied the Act to enforce an agreement to mediate contained in an employee handbook. 276 F. Supp. 2d 891 (M.D. Tenn. 2003). The court held that the term "arbitration" as used in the Act should be interpreted broadly to include mediation and other forms of alternative dispute resolution. *Id.* at 894. Thus, the Act supported enforcement of the terms of the employee handbook, and therefore, the plaintiff was required to mediate before he could bring a claim in court. *Id.* at 896; *see also*, *Annapolis Prof'l Firefighters Local 1926 v. City of Annapolis*, 642 A.2d 889 (Md. App. 1994) (court noted that mediation agreements should be enforced "in much the same manner" as arbitration agreements).

Other courts have followed suit, granting stays and compelling mediation. In *CB Richard Ellis, Inc. v. American Environmental Waste Management*, a district court granted a defendant's motion to compel mediation and stayed all proceedings in the litigation. No. 98-CV-4183, 1998 WL 903495 (E.D.N.Y. Dec. 4, 1998). The court noted that the Act defines arbitration as a process that will "settle" the controversy. *Id.* at *2 (noting that "Because the mediation clause in the case at bar manifests the parties' intent to provide an alternative method to 'settle' controversies arising under the parties' agreement, this mediation clause fits within the Act's definition of arbitration.") (citing 9 U.S.C. § 2). Accordingly, the Act

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER — Page 6

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1  required enforcement of the parties' pre-suit mediation clause. *Id.*; *accord*, *Quick Print of*
2  *New Orleans v. Danka Office Imaging Co.*, No. Civ. A. 04-644, 2004 WL 1488656 (E.D. La.
3  June 30, 2004) (motion to compel mediation and to stay granted); *Gaston v. Gaston*, 954
4  P.2d 572 (Alaska 1998) (court entered order requiring parties to comply with pre-suit
5  mediation clause in agreement).
6      In this case, the mandatory mediation provision in the Agreement was an attempt by
7  the parties to pursue a faster and more cost-efficient method of resolving disputes and to
8  avoid the time and expense of protracted litigation if possible.  Instead, Plaintiff has ignored
9  the Agreement's requirements and is pursuing this claim in the most costly and time-
10 consuming forum possible.  As the parties plainly agreed to avoid this very situation via a
11 mandatory mediation provision, Nick-n-Willy's is entitled to the benefit of its bargain in this
12 regard.
13     Furthermore, if the case can be resolved through mediation, it would be a waste of
14 judicial resources to simultaneously proceed with this litigation.
15     In these circumstances—and if the Court should allow Plaintiff's claims to go forward
16 notwithstanding the motion to dismiss, it should stay litigation and compel mandatory
17 mediation of Plaintiff's claims in accordance with the Agreement.
18     **2.   The Court should dismiss Plaintiff's Complaint because this is an improper venue for the dispute; in the alternative, the Court should**
19     **transfer this lawsuit to the United States District Court, District of Colorado.**
20
21     The forum selection clause in the Agreement—which requires that all disputes arising
22 out of or related to the Agreement must be litigated in the state and federal courts of Denver,
23 Colorado—is valid and enforceable as a matter of law.
24     The United States Supreme Court has recognized the benefits and utility of forum
25 selection clauses.  In *Carnival Cruise Lines, Inc. v. Shute*, the Court stated:
26 ///

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 7

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

> [A] clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.

499 U.S. 585, 593-94 (1991).

The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The Ninth Circuit has echoed this conclusion. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) ("[A]bsent some compelling and countervailing reason a forum selection clause should be honored by the parties and enforced by the courts.") (citation omitted).

The Supreme Court and the Ninth Circuit have "construed this exception narrowly" and will enforce a forum selection clause unless the party seeking to avoid enforcement proves that:

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power . . . ; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court . . . ; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta*, 87 F.3d at 325. "The party seeking to avoid a forum selection clause bears a heavy burden of proof." *Richards*, 135 F.3d at 1294. Here, Plaintiff cannot begin to meet its burden to prove that the forum selection clause is unreasonable.

First, there was no fraud or overreaching in the negotiation of the forum selection clause. "For a party to escape a forum selection clause on the ground of fraud, it must show that the inclusion of the clause in the contract was the product of fraud or coercion." *Richards*, 135 F.3d at 1297. "Simply alleging that a party was duped into signing the

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER — Page 8

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

1  contract is not enough." *Id*.  Plaintiff has not asserted and cannot prove that the inclusion of
2  the forum selection clause in the Agreement was itself the product of fraud or coercion.
3  Indeed, Plaintiff made no attempt to assert the invalidity of the forum selection clause in its
4  complaint.  Moreover, even if Plaintiff was to allege that the forum selection clause was not
5  negotiated, that allegation would not constitute "overreaching" sufficient to render the clause
6  unreasonable. *Sapp v. K-1 Corp.*, Case No. C06-1791-JCC, 2007 U.S. Dist. LEXIS 2501, at
7  *10-11 (W.D. Wash. 2007) (holding that forum selection clause was reasonable "even if it
8  was never openly negotiated between the parties").  "Unequal bargaining power between the
9  parties does not make a forum selection clause unenforceable." *Carnival Cruise Lines*, 499
10 U.S. at 595; see also *Spradlin v. Lear Siegler Mgmt. Serv.s Co.*, 926 F.2d 865, 867-68 (9th
11 Cir. 1991) (affirming dismissal under Rule 12(b)(3) based on forum selection clause in
12 employment agreement that was not negotiated).  Thus, Plaintiff cannot establish fraud or
13 overreaching to invalidate the forum selection clause.

14      Second, litigating in the United States District Court, District of Colorado would not
15 gravely inconvenience the plaintiffs.  In *Bremen*, the Court held that inconvenience of the
16 contractually selected forum might be relevant in determining the reasonableness of a forum
17 selection clause if the parties are forced "to resolve their essentially local disputes in a
18 remote alien forum." 407 U.S. at 17.  Colorado is hardly a "remote alien forum."  It is not
19 only the place where Plaintiff dealt with Nick-n-Willy's when it negotiated the terms of the
20 Agreement, it is a considerably more convenient forum than many other fora chosen in
21 forum selection clauses that have been enforced. *See, e.g.*, *Shute*, 499 U.S. at 594 (finding
22 that Florida is not a "remote alien forum" from Washington state, where the lawsuit was
23 originally filed); *Richards*, 135 F.3d 1289 (enforcing choice of England as the selected
24 forum); *Argueta*, 87 F.3d 320 (affirming dismissal of claim brought in California when
25 Mexico was the selected forum); *Spradlin*, 926 F.2d 865 (enforcing forum selection clause
26 designating Saudi Arabia as the chosen forum); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO
COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 9

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1. F.2d 509, 514-15 (9th Cir. 1988) (enforcing choice of Italy as forum for resolution of disputes); *Sapp*, 2007 U.S. Dist. LEXIS 2501, at *13 (concluding that requirement that American citizen litigate disputes in Japan was not sufficiently inconvenient).  Indeed, whatever minor inconvenience Plaintiff may experience by having to litigate in Colorado, the forum to which it agreed, "was clearly foreseeable at the time of contracting." *Nautilus, Inc. v. Gately's LLC*, Case No. C0605665 FDB, 2006 U.S. Dist. LEXIS 91916, at *6 (W.D. Wash. 2006) (quoting *Bremen*, 407 U.S. at 18).

Third, public policy supports enforcement of the forum selection clause. "Washington's public policy strongly favors enforcement of forum selection clauses." *Keystone Masonry v. Garco Constr.*, 135 Wn. App. 927, 933, 147 P.3d 610, 613 (2006).

In sum, the forum selection clause in the Agreement is valid and Plaintiff cannot meet its heavy burden to avoid enforcement of that clause.

Nick-n-Willy's anticipates that Plaintiff may contend that the forum selection clause is contrary to the Washington Franchise Investment Protection Act ("FIPA"), relying on *Rutter v. BX of Tri-Cities, Inc.*, 60 Wash. App. 743, 748 (1991).  In *Rutter*, the court held that FIPA rules govern franchise disputes even when franchise agreements contain choice-of-law provisions mandating that another jurisdiction's law should apply. *Id.*  But *Rutter* is distinguishable. *Rutter* did not address a forum selection clause like the clause at issue in this case, and no Washington rule or case suggests that forum selection clauses are not enforceable in the context of franchise disputes.

Because Plaintiff agreed that the state and federal courts in Denver, Colorado would be the exclusive forum for all litigation relating to the Agreement, Plaintiff's Complaint should be dismissed, or—in the alternative—transferred to the District of Colorado.  With respect to forum selection clauses, "[w]here venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a)." *Nautilus*, 2006 U.S. Dist.

NICK-N-WILLY'S MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 10

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

LEXIS 91916, at *8; *see also, e.g.*, *Argueta*, 87 F.3d 320 (affirming dismissal pursuant to Rule 12(b)(3) based on forum selection clause); *Spradlin*, 926 F.2d 865 (same); *Manetti-Farrow*, 858 F.2d 509 (same).

Under 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, dismissal is appropriate because Plaintiff not only agreed that any litigation relating to the franchise agreement would be brought in Colorado, but also that all disputes would be submitted to mediation. As a result, transfer is not the best remedy, because the claims should be mediated.

In the alternative, the Court should transfer this case to give effect to the forum selection clause in the Agreement.

## II.  CONCLUSION

For the foregoing reasons, the Court should dismiss this case under Fed. R. 12(b)(6) and Fed. R. Civ. P. 12(b)(3) because Plaintiff filed this lawsuit prematurely in the wrong venue—ignoring the mandatory mediation and forum selection clauses in the Agreement.

In the alternative, the Court should transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the District of Colorado.

DATED:  July 21, 2011

BULLIVANT HOUSER BAILEY PC


By  */s/ Richard J. Whittemore*
Richard J. Whittemore, WSBA #32713
E-Mail: richard.whittemore@bullivant.com

Attorneys for Defendants

13455903.1

# CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2011, I caused to be served the foregoing DEFENDANT NICK-N-WILLY'S FRANCHISE COMPANY, LLC'S MOTION TO DISMISS, ALTERNATIVE MOTION TO COMPEL MEDIATION, AND ALTERNATIVE MOTION TO TRANSFER on the following party at the following address:

Robert D. Mitchelson
PO Box 87096
Vancouver, WA  98687-0096

    Attorney for Plaintiff

by:

- [ ] U.S. Postal Service, ordinary first class mail
- [ ] U.S. Postal Service, certified or registered mail, return receipt requested
- [ ] hand delivery
- [x] other (specify)  Via ECF

          /s/ Richard J. Whittemore
          Richard J. Whittemore, WSBA #32713

          Attorney for Defendants