THE HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWO GUYS, INC., a Washington Corporation, a.k.a. FRANCHISE INFUSION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICK-N-WILLY'S FRANCHISE COMPANY, LLC, a Colorado limited liability company; and RICHARD WEIL, a Colorado resident,<br><br>Defendants. | No.: 3:11-cv-05537<br><br>DECLARATION OF RICHARD J. WHITTEMORE IN SUPPORT OF DEFENDANT NICK-N-WILLY'S FRANCHISE COMPANY, LLC'S MOTION TO DISMISS, ALTERNATIVE MOTION TO COMPEL MEDIATION, AND ALTERNATIVE MOTION TO TRANSFER<br><br>Noted |

I, RICHARD J. WHITTEMORE, make the following declaration in support of Defendant Nick-n-Willy's Franchise Company, LLC's Motion to Dismiss, Alternative Motion to Compel Mediation, and Alternative Motion to Transfer:

1. I am the attorney of record in this dispute for Defendant Nick-n-Willy's Franchise Company, LLC. I make this declaration based upon personal knowledge and am competent to testify to the matters herein.

2. Attached as Exhibit 1 to this Declaration is a true and correct copy of the pertinent portions of the Nick-n-Willy's Franchise Company, LLC Area Developer Marketing Agreement.

3. Plaintiff filed the above-captioned lawsuit in Clark County Superior Court without seeking prior mediation of the dispute.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: July 21, 2011

By *\/s/ Richard J. Whittemore*
RICHARD J. WHITTEMORE

13458541.1

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

2

Exhibit 1, Page 1

# NICK-N-WILLY'S FRANCHISE COMPANY, LLC

## AREA DEVELOPER MARKETING AGREEMENT

<u>WA state and OR state per development schedule</u>
Development Area

<u>11-26-07</u>
Date

Two Guys, Inc

Jack Gettles  Scott Mitchelson
Area Developer

3

18.3. **Independent Contractors.** AD may delegate its duties hereunder to independent contractors provided that AD receives written approval from Franchisor prior to any such delegation of duties and complies with all state laws requiring broker registration for such persons. Franchisor reserves the right to withdraw the approval of any independent contractor engaged by AD to fulfill its duties and obligations under this Agreement, at any time.

18.4. **Indemnification.** AD agrees to indemnify and reimburse Franchisor and its subsidiaries, affiliates, and their respective stockholders, directors, officers, employees, agents and assignees (the "Indemnified Parties") for, and hold the Indemnified Parties harmless against, any loss, liability, taxes or damages (actual or consequential) and all reasonable costs and expenses of defending any claim brought against any of them or any action in which any of them is named as a party (including, without limitation, reasonable accountants', attorneys' and expert witness fees, costs of investigation and proof of facts, court costs, other litigation expenses and travel and living expenses) which any of them may suffer, sustain or incur by reason of, arising from or in connection with any acts, omissions or activities of AD or any of its employees or independent contractors hired by AD. Each Indemnified Party shall have the right to defend any such claim against it at AD's expense and agree to settlements or take any other remedial, corrective or other actions. This indemnity shall continue in full force and effect, subsequent to and notwithstanding the expiration or termination of this Agreement.

## 19. NOTICE AND DISPUTE RESOLUTION - MEDIATION

19.1    **Notice.** Except as provided in Section 19.3 with regard to bringing a civil action relating to the Marks, enforcement of a covenant not to compete or any lease of real estate and Section 19.4 in regard to injunctive relief, AD is prohibited from filing a legal action or a mediation proceeding against Franchisor, its affiliates, subsidiaries, officers, directors or employees ("**Franchisor Affiliates**") seeking enforcement or any other legal remedy relating to or arising under this Agreement until AD has notified Franchisor Affiliates of any potential claim and provided Franchisor Affiliates at least thirty (30) days to respond. After AD has provided requisite notice as required under this Section 19.1, the dispute shall be submitted to mediation as set forth below.

19.2    **Mediation.** Except as provided in Section 19.1 regarding notice and in Section 19.3 with regard to bringing a civil action relating to the Marks, enforcement of a covenant not to compete or any lease of real estate and Section 19.4 in regard to injunctive relief, no party shall file a legal action seeking enforcement or any other legal remedy relating to or arising under this Agreement until the dispute has been submitted to a non-binding mediation proceeding conducted in accordance with the procedures set forth below.

      a.    Either party may initiate a mediation proceeding (the "Initiating Party") by notifying the other party in writing (the "Responding Party"). The mediation shall be conducted in accordance with the American Arbitration Association's ("AAA") then current mediation rules, but need not be administered by the AAA unless the parties cannot agree upon the selection of a mediator within thirty days of the receipt of the written demand for mediation. If the parties cannot reach agreement upon the selection of a mediator, either party may commence the mediation process by filing a written demand for mediation with the AAA, with a copy to the other party. The notice shall describe with specificity the nature of the dispute and Initiating Party's claim for relief. Both parties will be obligated to engage in the mediation under the AAA's then current rules, except to the extent the rules conflict with this Agreement, in which case this Agreement shall control.

b. The mediation will be conducted by a single mediator with no past or present affiliation or conflict with Franchisor, the AD, or any other party to the mediation. The parties agree that the mediator shall be disqualified as a witness, expert, consultant or attorney in any pending or subsequent proceeding relating to the dispute which is the subject of the mediation.

c. In the event the parties cannot agree on a mediator and the AAA administers the mediation, the AAA shall provide the parties with a list of mediators willing to serve. If the parties do not agree upon a mediator, and so advise the AAA in writing, within 10 days of receipt of such list, the AAA shall appoint the mediator. The fees and expenses of the AAA, if applicable, and the mediator's fee, shall be shared equally by the parties. Each party shall bear its own attorneys' fees and other costs incurred in connection with the mediation irrespective of the outcome of the mediation or the mediator's evaluation of each party's case.

d. The mediation proceeding shall commence within 30 days after selection of the mediator. Regardless of whether Franchisor or AD is the Initiating Party, the mediation shall be conducted at Franchisor's principal offices, unless Franchisor and AD agree upon a mutually acceptable alternative location.

e. At least 7 days before the first scheduled session of mediation, each party shall deliver to the mediator and to the other party a concise written summary of its position with respect to the matters in dispute and Initiating Party's claims for relief, and such other matters required by the mediator.

f. The parties shall participate in good faith in the mediation with the intention of resolving the dispute, if at all possible. The parties recognize and agree, however, that the mediator's recommendations and decision shall not be binding on the parties unless otherwise agreed in writing.

g. During the mediation, the mediator may have joint and separate meetings with the parties and their counsel, at the mediator's discretion. The mediation proceeding shall continue until conclusion, which is deemed to occur when: (i) a written settlement is reached, (ii) the mediator concludes and informs the parties in writing that further efforts would not be useful, or (iii) the parties agree in writing that an impasse has been reached. Neither party may withdraw before the conclusion of the mediation proceeding.

h. The mediation proceeding will be treated as a compromise settlement negotiation. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation proceeding by any party or their agents, experts, counsel, employees or representatives, and by the mediator are confidential. Such offers, promises, conduct and statements may not be disclosed to any third party and are privileged and inadmissible for any purpose, including impeachment, under applicable laws or rules of evidence; provided however, that evidence otherwise discoverable or admissible shall not be rendered not discoverable or inadmissible as a result of its use in the mediation. If a party informs the mediator that information is conveyed in confidence by the party to the mediator, the mediator will not disclose the information.

**19.3. Governing Law/Consent to Venue and Jurisdiction.** Except to the extent governed by the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. Sections 1051 et seq.), the Federal Arbitration Act, or other federal law, this Agreement shall be interpreted under the laws of the state of Colorado and any dispute between the parties shall be governed by and determined in accordance with the substantive laws of the state of Colorado, which laws shall prevail in the event of any conflict of law. AD and Franchisor have negotiated regarding a forum in which to resolve any disputes which may arise between them and have agreed to select a forum in order to promote stability in their relationship. Therefore, if a claim is asserted in any legal proceeding involving AD or any Bound Party and Franchisor, its officers, directors or sales employees, the parties agree that the exclusive venue for disputes between them shall be in the state and federal courts located in Denver, Colorado, and each party waives any objection they may have to the personal jurisdiction of or venue in the state and federal courts located in Denver, Colorado.

**19.4. Injunctive Relief.** Notwithstanding the above provision for mediation, Franchisor and AD will each have the right in a proper case to obtain injunctive relief and any damages incidental thereto from a court of competent jurisdiction. AD agrees that Franchisor may obtain such injunctive relief, without posting a bond or bonds in excess of a total of $500, but upon due notice, and AD's sole remedy in the event of the entry of such injunctive relief will be the dissolution of such injunctive relief, if warranted, upon hearing duly had; provided, however, that all claims for damages by reason of the wrongful issuance of any such injunction are hereby expressly waived by AD. Any such action will be brought as provided in Section 19.2 above and the prevailing party shall be entitled to its costs and attorneys' fees.

**19.5. Waiver of Jury Trial.** Franchisor, AD and the Bound Parties each waive their right to a trial by jury. AD, the Bound Parties, and Franchisor acknowledge that the parties' waiver of jury trial rights provides the parties with the mutual benefit of uniform interpretation of this Agreement and any dispute arising out of this Agreement or out of the parties' relationship created by this Agreement. AD, the Bound Parties and Franchisor further acknowledge the receipt and sufficiency of mutual consideration for such benefit.

**19.6. Limitation of Claims.** AD and the Bound Parties agree not to bring any claim asserting that any of the Marks are generic or otherwise invalid. Except with regard to AD's obligations to pay certain fees to Franchisor and its affiliates pursuant to the terms of this Agreement, any claims between the parties must be commenced within one (1) year from the occurrence of the facts giving rise to such claim, or such claim shall be barred. The parties understand that such time limit may be shorter than otherwise allowed by law. AD and the Bound Parties agree that their sole recourse for claims arising between the parties shall be against Franchisor or its successors and assigns. AD and the Bound Parties agree that the shareholders, directors, officers, employees and agents of the Franchisor and its affiliates (other than AD) shall not be personally liable nor named as a party in any action between the Franchisor and AD or any Bound Party. The parties further agree that, in connection with any such proceeding, each must submit or file any claim which would constitute a compulsory counterclaim (as defined by Rule 13 of the Federal Rules of Civil Procedure) within the same proceeding as the claim to which it relates. Any such claim which is not submitted or filed as described above will be forever barred. The parties agree that any proceeding will be conducted on an individual, not a class-wide, basis, and that a proceeding between Franchisor and AD or the Bound Parties may not be consolidated with any other proceeding between Franchisor and any other person or entity. No party will be entitled to an award of punitive or exemplary damages (provided that this limitation shall not apply to statutory penalties such as those set forth in 15 U.S.C. § 1117(a)). No previous course of dealing shall be admissible to explain, modify, or contradict the terms of this Agreement. No implied covenant of good faith and fair dealing shall be used to alter the express terms of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed, sealed and delivered this Agreement in counterparts on the date first mentioned above.

| NICK-N-WILLY'S FRANCHISE COMPANY, LLC, a Colorado Limited Liability Company | AREA DEVELOPER: Scott Mitchelson |
|---|---|
| By: _[signature]_ | (Print Name) |
| Its: President/CEO | By: _[signature]_ |
| Date: 12/1/07 | Its: _____ |
| | Date: 11/30/07 |
| | Jack Gethings |
| | (Print Name) |
| | By: _[signature]_ |
| | Its: _____ |
| | 11/30/07 |
| | Date |

42

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2011, I caused to be served the foregoing DECLARATION OF RICHARD J. WHITTEMORE IN SUPPORT OF DEFENDANT NICK-N-WILLY'S FRANCHISE COMPANY, LLC'S MOTION TO DISMISS, ALTERNATIVE MOTION TO COMPEL MEDIATION, AND ALTERNATIVE MOTION TO TRANSFER on the following party at the following address:

Robert D. Mitchelson
PO Box 87096
Vancouver, WA  98687-0096

    Attorney for Plaintiff

by:

☐ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail, return receipt requested
☐ hand delivery
☒ other (specify)  Via ECF

                /s/ Richard J. Whittemore
                Richard J. Whittemore, WSBA #32713

                Attorney for Defendants

CERTIFICATE OF SERVICE    Page 1

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351