THE HON. BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TWO GUYS INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NICK-n-WILLY'S FRANCHISE CO., LLC, et al. <br><br> Defendants. | NO. 3:11-cv-05537-BHS <br><br> PLAINTIFF'S RESPONSE TO MOTION TO DISMISS, MOTION TO COMPEL MEDIATION, AND ALTERNATIVE MOTION TO TRANSFER |

## I. INTRODUCTION

1.1 Defendant asks the court to grant removal from the Clark County Superior Court to the US District Court Western District of Washington at Tacoma. This request is based on the argument of diversity which Plaintiff submits is unsupported as explained below.

PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS, MOTION TO COMPEL MEDIATION, AND
ALTERNATIVE MOTION TO TRANSFER
Page 1 of 6

ROBERT D. MITCHELSON LAW OFFICE, P S
P.O. BOX 87096
VANCOUVER, WA 98687-0096
(360) 260-0925  (360) 944-1947 Fax

1.2   Defendant also asks for dismissal on the basis that mediation had not occurred prior to Plaintiff's filing in Clark County or in the alternative move the case to Colorado where allegedly Defendant has its home office.

## II. RESPONSE

### ISSUE NO. 1-Removal to US District Court

2.1   Removal should be denied and the case remanded back to Clark County. Defendant has voluntarily submitted itself to the jurisdiction of The Washington State Courts in order to obtain the right to register and sell franchises throughout all counties of the State of Washington.

2.2   This privilege was obtained by Defendant by registering under Washington's Franchise Protection Act (RCW 19.100). The Act at RCW 19.100.160 specifically provides that

> "any person who is engaged or hereinafter engaged directly or indirectly in the sale or offer to sell a franchise or sub-franchise or in business dealings concerning a franchise... shall be subject to the provisions of this chapter...."

2.3   The Statute goes on to say the franchisor shall be amenable to the jurisdiction of the courts of this State and shall be amenable to the service of process under RCW 4.28.180, 4.28.185, and 19.86.160. It requires Defendant to file an irrevocable consent appointing the Director of Financial Institutions to be his attorney, to receive service or any lawful process in any non-criminal suit, action or proceeding against the company. The Statute goes on to provide to

PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS, MOTION TO COMPEL MEDIATION, AND
ALTERNATIVE MOTION TO TRANSFER
Page 2 of 6

ROBERT D. MITCHELSON LAW OFFICE, P.S.
P.O. BOX 87096
VANCOUVER, WA 98687-0096
(360) 260-0925 (360) 944-1947 Fax

procedural method of instituting a lawsuit against the Defendant should any Plaintiff choose to do so.

2.4    There is no Federal Statute or Federal Question involved or raised in Plaintiff's Complaint.

2.5    Furthermore, the idea of diversity is illusorily. Venue and jurisdiction are controlled in Washington by RCW Chapter 4.12. The Washington Legislature has specifically provided for determining the residence of corporations doing business within State boundaries. It does not distinguish between whether or not the corporation has its principal place of office in this State, is domiciled there, or is its principal place of business. Instead RCW 4.12.025 contains plain and simple language that

> "the residence of a corporation defendant shall be deemed
> to be in any county where the corporation:
> a)    transacts business;
> b)    has an office for the transaction of business;
> c)    transacts business at the time the cause of action arose; or
> d)    where any person resides upon who process may be served upon the corporation.

It is argued that subsection d would include the Director of the Department of Financial Institutions covered under the consent provisions of RCW 19.100.160.

2.6    Plaintiff is cognizant of 28 USC § 1332(c) which defines a corporate citizen as being the State in which it has been incorporated or the State where it has its principal place of business. Arguably the State Statute should be given weight over the Federal Code in this rare instance. The reason is the defendant has not alleged or provided any evidence they are presently incorporated in any State in the United States or as to what their principal place of business is. The

PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS, MOTION TO COMPEL MEDIATION, AND
ALTERNATIVE MOTION TO TRANSFER
Page 3 of 6

ROBERT D. MITCHELSON LAW OFFICE PS
P.O. BOX 87096
VANCOUVER WA 98687-0096
(360) 260-0925  (360) 944-1947 Fax

Declaration of Scott Mitchelson would indicate their may not be a principal place of business any longer.

2.7   Plaintiff concedes the Doctrine of Forum of Non-Convenience at the Federal level is generally controlled by 28 USC § 1391. At the State level by RCW 14.12.030(3).

2.8   As pointed out in the Declaration of Mr. Mitchelson, none of the parties or witnesses have any convenient access to a tribunal in Tacoma Washington. The plaintiff and virtually all of their witnesses, as stated by Mr. Mitchelson, are from areas some distance from Tacoma as are defendant's witnesses and their counsel.

2.9   While 28 USC § 1391 sets out the standards for venue between Federal Districts, there is nothing in the Code that prohibits the Court from considering that issue in their decision to deny a removal motion to State Court.

**ISSUE NO. 2- Removal to the State of Colorado**

2.10   Again, RCW 19.100.160 gives the State of Washington exclusive jurisdiction over this defendant and to allow them to argue that it should be disregarded defeats entirely the legislative intent of that section of the Statue, i.e. the ability of local Washington residents to sue out of State corporations operating on a multi-State basis as does this defendant.

**ISSUE NO. 3- Conducting a Non-Binding Mediation prior to filing**

2.11   Plaintiff concedes they did not make a formal demand for non-binding arbitration prior to filing their complaint. This however is a small matter easily rectified in the State court and more likely than not justified by the conduct of the defendant's chief operating officer, Richard Weil (see Declaration of Scott Mitchelson).

PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS, MOTION TO COMPEL MEDIATION, AND
ALTERNATIVE MOTION TO TRANSFER
Page 4 of 6

ROBERT D. MITCHELSON LAW OFFICE P S
P O BOX 87096
VANCOUVER WA 98687-0096
(360) 260-0925 (360) 944-1947 Fax

2.12  On numerous occasions there were attempts to contact Mr. Weil about the matters set forth in plaintiff's complaint and the corporate response was non-existent except for Mr. Weil's admission the corporation was suffering financially and could not pay obligations due under the Area Developer Agreement, see Exhibits "1" and "2" to Declaration of Scott Mitchelson.

2.13  Furthermore responses of defendant's apparent CEO did not even address plaintiff's complaint that they had failed to register during the calendar year 2010 therefore rendering the ability of plaintiff to legally offer franchise opportunities in the State and the fact the corporation had apparently sold at least one franchise contrary to Washington Law.

2.14  Generally speaking, Washington Law provides that one is not required to make futile gestures such as costly mediation under a fact pattern such as that before this court and when the other side shows no indication to respond.

2.15  Even if the court were to disagree with that theory, the situation over the mediation can be easily remedied. The defendant here has not as yet filed any pleading except their present Motion, and their Removal Notice, formally denoted as Petition in prior Federal Court Rules provisions.

2.16  Plaintiff submits this court can and should deny the Removal and Remand the case back to Superior Court for Mediation prior to placing any burden on defendant to do anything more than file an Answer and participate in preliminary discovery. The discovery issue is important because mediation, even at the Federal level would be virtually impossible for the plaintiff without some explanation by defendant's representatives as to what they have done with ad monies collected through royalties and what excuse they have for not registering the corporation in the State of Washington in 2010, which essentially puts plaintiff out of business as to that territory.

PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS, MOTION TO COMPEL MEDIATION, AND
ALTERNATIVE MOTION TO TRANSFER
Page 5 of 6

ROBERT D. MITCHELSON LAW OFFICE, P.S
P.O. BOX 87096
VANCOUVER, WA 98687-0096
(360) 260-0925  (360) 944-1947 Fax

2.17 As mentioned, none of these issues involve a Federal Constitutional question, a question of Federal Law, or interpretation of any Federal Statue, they are all solely State Law issues easily resolved at the State Court level.

DATED this 7th day of September, 2011.

_____
ROBERT D. MITCHELSON, WSBA# 4595
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS, MOTION TO COMPEL MEDIATION, AND
ALTERNATIVE MOTION TO TRANSFER
Page 6 of 6

ROBERT D. MITCHELSON LAW OFFICE, P.S.
P.O. BOX 87096
VANCOUVER, WA 98687-0096
(360) 260-0925 (360) 944-1947 Fax