THE HON. BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TWO GUYS INC., | NO. 3:11-cv-05537-BHS |
| Plaintiffs, | |
| vs. | DECLARATION OF SCOTT MITCHELSON |
| NICK-n-WILLY'S FRANCHISE CO., LLC, et al. | |
| Defendants. | |

I, Scott Mitchelson, declare and state as follows:

My name is Scott Mitchelson. I am the President of Two Guys Inc. nka Franchise Infusion Inc. The Vice President and Secretary is Jack Gettles.

Our attorney informs us the defendant has raised issues I should address.

The first is whether we should have requested mediation before filing our lawsuit.

My answer to that is it appears that it would have been a futile gesture for two reasons.

DECLARATION OF SCOTT MITCHELSON
Page 1 of 4

ROBERT D. MITCHELSON LAW OFFICE, P.S.
P O BOX 87096
VANCOUVER, WA 98687-0096
(360) 260-0925  (360) 944-1947 Fax

I exchanged emails with Richard Weil who I think is the CEO of defendant on numerous occasions. I have attached exhibits which are indicative of Mr. Weil's attitude but are not inclusive of all exchanges between us.

I also instructed our attorney to make a formal demand on Mr. Weil concerning the subject of why royalties were not being paid and the fact that we were essentially put out of business by their failure to register under Washington's Franchise Act which meant if we attempted to sell franchises we would be subject to severe penalties, Ex "1 & 2" (attorney letter and responses).

Further, I asked Mr. Weil to explain what was happening to the portion of royalties we were paying that should be devoted to advertising. Never did he respond to any of those requests, leaving us with nothing to talk about at mediation unless as our attorney mentioned, we have some formal setting such as a lawsuit to take depositions and issue interrogatories to get some idea of the reasons for the defendant's actions.

I was also asked to address the issue of how inconvenient the removal to Federal Court in Tacoma would be to plaintiffs and defendants as well.

Virtually all of our witnesses consist of people who reside in Clark County, some who reside in Oregon and the balance in counties that are closer to Clark County then they are to Pierce County.

Even defendant's anticipated witnesses would have to travel from Colorado to Seattle and then return back to Federal Court by rented vehicle. On the other hand flying to Portland International Airport leaves them with a 5 to 10 minute drive to the Clark County Courthouse which is a considerably shorter air trip and probably less air fare expense.

DECLARATION OF SCOTT MITCHELSON
Page 2 of 4

ROBERT D. MITCHELSON LAW OFFICES, PS
P.O. BOX 87096
VANCOUVER WA 98687-0096
(360) 260-0925  (360) 944-1947 Fax

Therefore the choice of moving our case to Federal Court in Tacoma appears to be solely for the purpose of making it more difficult for us to prosecute our case, increase the costs of litigation by having our attorney travel back and forth and probably for the purpose of harassment.

I also note from the pleadings I have read that defendant's attorney resides in Portland, Oregon and works out of his Law Firm's office at 300 Pioneer Tower, 888 SW 5th Ave., Portland, Oregon. This means to me he can simply drive from his office to the Clark County Courthouse in 15 to 20 minutes.

There is also some question in my mind as to whether or not defendant has a corporate office or nerve center in the United States. Recent efforts by a retained process server and calls to the corporate office would indicate there was no one occupying the corporate office and efforts to serve Mr. Weil either at the stated corporate office being 4201 E. Yale Ave. #110, Denver, Colorado or his home in Denver, Colorado have left us with information that the corporate offices are dark and unoccupied and efforts to serve Mr. Weil at his home as mentioned have been fruitless.

I recently learned the defendant is a wholly owned subsidiary of a Canadian Company known as World Famous Pizza Corporation and more likely than not the day to day operations of the corporation are out of Vancouver, British Columbia.

I have also tracked monthly for the last couple of years franchises that have opened and closed or remained opened from company documents supplied to me. My evaluation of those records is there is no one State in which defendant has a more substantial presence than any other State. The sales of franchises seem to have been quite evenly spread out among several States and my discussions with Mr. Weil and letters received back from him would indicate this is a failed franchise in general that has no principal place of business left in

DECLARATION OF SCOTT MITCHELSON
Page 3 of 4

ROBERT D. MITCHELSON LAW OFFICE, P.S.
P.O. BOX 87096
VANCOUVER, WA 98687-0096
(360) 260-0925   (360) 944-1947 Fax

the United States where one State's business dominates over any others in any substantial percentage. Likewise it appears there is no corporate office with any significant duties left in the United States.

In summary, it seems to me the choice of removal to Federal Court is simply to increase the costs of litigation and make the resolution of our dispute as inconvenient as possible.

I declare under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 7th day of September, 2011.

_____
Scott Mitchelson

DECLARATION OF SCOTT MITCHELSON
Page 4 of 4

ROBERT D. MITCHELSON LAW OFFICE P.S
P.O. BOX 87096
VANCOUVER WA 98687-0096
(360) 260-0925 (360) 944-1947 Fax

COPY

## MITCHELSON LAW OFFICE, P.S.
P.O. Box 87096
Vancouver, WA  98687-0096
(360) 260-0925    (360) 944-1947 Fax

Robert D. Mitchelson
Attorney at Law
WSBA # 4595
Email: rmitchelson@msn.com

September 28, 2010

Richard F. Weil, CFE
President, CEO
Nick-N-Willy's Franchise Company, LLC
7200 S. Alton Way #B240
Centennial, CO 80112
Richard@nicknwillspizza.com

    RE:   my clients: Two Guys Inc., Scott Mitchelson & Jack Gettles

Dear Mr. Weil:

I represent Two Guys Inc. who have area developer rights for portions of the States of Oregon and Washington.

Recently Mr. Mitchelson, the president, alerted me to the fact that he has been advised that Nick-n-Willy's is no longer registered in the State of Washington. This is a significantly serious matter as it could lead to both civil liability for them and even criminal prosecution under some circumstances.

More importantly, it makes it impossible for them to fulfill their area development agreements and they need an extension, renegotiation of those agreements or even possibly a rescission agreement worked out under fair and equitable economic terms to both parties. As you know there are at least two law suits in the Court of Appeals asking the Court to define area developers as being required parties to file disclosure statements under our Franchise Investment Protection Act being RCW 19.100.

Also I am faced with a third suit in which I am working on a Summary Judgment at the present time where that issue is being raised against my clients and monetary damages against them are being sought as well.

Exhibit

Of even more immediate concern however is that royalties are being continued to be collected from franchisees within my client's territories and my clients have not been paid their share of those collections for May, June, July, and August and I assume for September which I guess is in October and probably will not be received as well given the late period of the month.

Both the failed to register and failure to pay the client's share of the royalties are substantial breaches of a material condition of their agreement. Under Washington Law this would allow them to rescind at least their Washington agreement and ask for a return of all or part of their investment for that territory.

Please treat this letter as a demand to pay all sums due my clients immediately, and to state in writing your intentions as to registration within the State of Washington.

As you may or may not know if they were to solicit any new franchises in Washington at the present time they could be subject to civil penalties as well as criminal prosecution under the Franchise Act.

I should probably add that under the area developer agreement and a Washington Statute we could collect substantial attorney's fees and court costs if we are required to bring an action even for the small sums being withheld from the royalty payments because the size of the debt does not necessarily determine the fees that need to be devoted to the prosecution of a law suit. We have at least one Washington case where the damages under our prevailing party statute for claims under $10,000 were less than $6,000 but the attorneys awarded were approximately $26,000 in fees and costs.

Please correspond directly with me on this matter as soon as possible.

Sincerely,


Robert D. Mitchelson
Attorney at Law

RDM/sf

C:   Scott Mitchelson
     Jack Gettles

Exhibit
1
p 2 of 2



October 15, 2010

Robert D. Mitchelson
Attorney at Law
Mitchelson Law Office, P.S.
P.O. Box 87096
Vancouver, WA 98687-0096

Dear Mr. Mitchelson:

We are in receipt of your letter sent via email dated 9-28-10 regarding your clients, Two Guys Inc., Scott Mitchelson & Jack Gettles. As you noted in your letter Nick-N-Willy's Franchise Company, LLC (NWFC) is not registered currently in the state of Washington. Additionally, you noted that your client as well as NWFC are currently processing through the state of Washington courts three cases involving Franchising laws in the state of Washington. NWFC and our attorney's have been successful in defending thus far one of three claims alleging that Area Developers, such as your clients, are not required to register additionally as Franchisor's in the state of Washington. We have been successful recently through our attorneys to have the positive ruling in our favours appellate courts decision published. We are currently waiting the outcome of the second proceeding to be heard before the appellate courts. The third claim which involves your clients may or may not move forward depending on the outcome of the first two claims. Many parties including the International Franchise Association (IFA) and other franchising organizations are taking great interests in these cases and we will continue to monitor closely as well. As a result, until such time that the courts conclude the process we are forced to await the final outcome in order to determine who should be registered in the state, the Franchisor, the Area Developer or both.

Regarding your client's development schedule and your contention that they are unable to sell franchises, please have your clients forward to us a list of prospects that they have. Currently there are two stores open in your clients Area Development territory. The current number of stores would create a default per your client's current Area Development agreement. Although an unfortunate situation, but once again, we view this situation as a force measure until such time the issues of registrations are finalized with the State of Washington. At this time NWFC is not presenting a default to your clients and will forgo this until such time as all parties can work towards mutual solutions.

Regarding the matter of royalty payments due to your clients; the reason for the payments being delayed is due to a severe cash flow shortage that the company (NWFC) has endured for the past two years and the economical crises which has faced the nation. The principles of this company have invested over 8 million dollars in the past four plus years and cooperated with their Area Developers by redoing their contracts and revising their original development schedule to ensure everyone can make it through these turbulent economic times. While we anticipate this issue to be resolved in the near term, and recognize our monthly commission payment to your clients as past due, we are unable to remit payment at this time. We would ask you or your clients to continue to be as patient as possible and communicate with me ongoing for updates.

Exhibit
2
pg. 2



We understand your options to proceed forward with other litigated process. However, we believe in the best interest of your clients investment, the existing franchise owners in the territory, and the opportunity to have all matters before the courts currently and the one suit you referred to regarding your clients and NWFC, we request that you await any further proceedings until such time as we know the future direction of NWFC as well as the court proceedings. We will endeavour to catch up your clients amounts due to them as best as we can.

Regards,

Richard F. Weil, CFE
President, COO
Nick-N-Willy's Franchise Company, LLC

Exhibit