THE HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWO GUYS, INC., a Washington Corporation, a.k.a. FRANCHISE INFUSION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICK-N-WILLY'S FRANCHISE COMPANY, LLC, a Colorado limited liability company; and RICHARD WEIL, a Colorado resident,<br><br>Defendants. | No.: 3:11-cv-05537<br><br>**DEFENDANT NICK-N-WILLY'S FRANCHISE COMPANY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS, ALTERNATIVE MOTION TO COMPEL MEDIATION, AND ALTERNATIVE MOTION TO TRANSFER** |

Defendant Nick-n-Willy's Franchise Company, LLC ("Nick-n-Willy's") has moved the Court for an order dismissing Plaintiff Two Guys, Inc., a.k.a. Franchise Infusion, Inc.'s ("Plaintiff's") Complaint, because the Area Developer Marketing Agreement (the "Agreement") at the root of Plaintiff's claims requires mediation of this dispute. In the alternative, in accordance with the Agreement's forum selection clause, Nick-n-Willy's has moved the Court for an order either: (1) dismissing this case because it was filed in the improper venue; or (2) transferring this case to the United States District Court for the District of Colorado.

///

NICK-N-WILLY'S REPLY IN SUPP. OF MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 1

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

Plaintiff's response to Nick-n-Willy's alternative motions ignores all of the salient authorities cited in the moving papers. Further, Plaintiff's response leads with what amounts to a procedurally—and substantively—deficient request for remand of this lawsuit to State court. For the reasons that follow, remand of this case is inappropriate, and Nick-n-Willy's is entitled to an order dismissing this case (or, in the alternative, an order compelling mediation and transferring the case to the District of Colorado).

## I. ARGUMENT

**A. Plaintiff's request that the Court remand this case to State court is procedurally and substantively deficient.**

Plaintiff's response to Nick-n-Willy's motions leads with an untimely and improper request that the Court remand this lawsuit to State court. The Court should reject Plaintiff's request for the following reasons.

First, Plaintiff's request is untimely. Defendant Richard Weil moved to remand this case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) on July 14, 2011. [Dkt. # 1.] Under 28 U.S.C. § 1447(c), "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a)." 28 U.S.C. § 1447(c). Plaintiff raises two primary arguments in support of its motion to remand: (1) Plaintiff argues that this lawsuit belongs in State court because of Washington's Franchise Investment Protection Act; and (2) Plaintiff argues that this lawsuit belongs in State court because it less convenient for Plaintiff to litigate this case in Federal Court. Neither of those arguments attack the Court's subject matter jurisdiction over this lawsuit. Accordingly, the Court should disregard them as untimely.

Second, nothing in Washington's Franchise Investment Protection Act precludes this dispute from being litigated in Washington's Federal court system (as opposed to

///

NICK-N-WILLY'S REPLY IN SUPP. OF MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER — Page 2

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1  Washington's State court system), and Plaintiff has cited no support for its proposition that
2  this case should be remanded under that statute.

3        Third, Plaintiff's argument that diversity jurisdiction in this case is "illusory" relies on
4  a statute that governs venue in State courts, not Federal courts—and the statute has nothing
5  to do with whether or not a defendant can establish Federal diversity jurisdiction. Even if
6  this case was properly filed in Clark County Superior Court pursuant to RCW 4.12.025,[1] it
7  was properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and Local Rule CR 5.
8  Under 28 U.S.C. § 1441(a), "A defendant * * * desiring to remove any civil action * * *
9  from a State court shall file in the district court of the United States for the district and
10 division within which such action is pending a notice of removal * * * ." 28 U.S.C. §
11 1441(a). Here, the action was pending in Clark County. And under Local Rule CR 5, "In all
12 civil cases in which all defendants reside, or in which the claim arose, in the counties * * *
13 Clark, * * * the case file will be maintained in Tacoma." Local Rule W.D. Wash. CR 5.

14       Moreover, Plaintiff suggests that the State court venue statute, which provides for
15 State court venue in counties where corporations "transact[] business," R.C.W.
16 4.12.025(1)(a), somehow supplants 28 U.S.C. § 1332(c), which defines a corporate citizen's
17 residency for removal and for Federal subject matter jurisdiction purposes. That suggestion
18 has no basis in law or reason. As Plaintiff acknowledges, under 28 U.S.C. § 1332(c), "a
19 corporation shall be deemed to be a citizen of any State by which it has been incorporated
20 and of the State where it has its principal place of business * * * ." 28 U.S.C. § 1332(c).
21 Plaintiff improperly tries to graft the State court venue statute onto that rule, arguing that a
22 corporation is a "resident" of Washington for diversity jurisdiction purposes if it simply
23 transacts business there. But if that were the rule, it would defeat diversity subject matter
24 ///

25 
26 [1] This case was not properly filed in Washington, and Nick-n-Willy's has moved to transfer this case pursuant to a valid forum selection clause.

NICK-N-WILLY'S REPLY IN SUPP. OF MOT. TO DISMISS,
ALTERNATIVE MOT. TO COMPEL MEDIATION, AND
ALTERNATIVE MOT. TO TRANSFER

Page 3

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

jurisdiction in every single case involving foreign corporations transacting business in Washington. The Court should reject Plaintiff's misread of the State venue statute.

Fourth, Plaintiff's argument that Nick-n-Willy's has not alleged its place of incorporation or its principal place of business is false. As Nick-n-Willy's pointed out in its removal papers, Nick-n-Willy's is a Colorado limited liability company (Notice of Removal, at ¶7 [Dkt. # 1]) that is owned by World Famous Pizza Corporation, a publicly traded company based out of Vancouver, British Columbia (Corporate Disclosure Statement, at 2 [Dkt. # 4.]). As such, it is entitled to assert its rights to have this case litigated in Federal court pursuant to 28 U.S.C. § 1332.

Finally, Plaintiff cites the doctrine of forum non-conveniens and argues that it would be inconvenient for Plaintiff to litigate this case in Tacoma. But a plaintiff's convenience is not a ground for remanding a lawsuit that is properly in Federal court based on diversity jurisdiction grounds, and Plaintiff has cited no authority in support of the proposition that this Court can remand this case for Plaintiff's convenience—especially here, as more than 30 days have passed since the removal papers were filed and served.

Ultimately, Plaintiff's request that the Court remand this case is not properly before the Court, as it is not supported by any facts or law, and the Court should reject Plaintiff's improper request.

**B.** **The Court should dismiss Plaintiff's Complaint for failure to state a claim because Plaintiff ignored the Agreement's mandatory mediation provision.**

As explained at length in Nick-n-Willy's moving papers, the Agreement at the heart of Plaintiff's lawsuit required Plaintiff to submit its claims to mandatory mediation before filing this lawsuit. Plaintiff ignored that provision.

Instead of addressing the rules and authorities cited in the moving papers, Plaintiff now argues that it was free to flout the Agreement's mediation requirements because the requirement was "a small matter" and "more likely than not justified by the conduct of the

NICK-N-WILLY'S REPLY IN SUPP. OF MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 4

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

defendant[]"—suggesting that a demand would have been futile. (Pl.'s Resp. to Mot. to Dismiss, at ¶ 2.11.) Plaintiff's failure to submit this matter to mandatory mediation is no small matter, and Plaintiff has not shown that a demand would have been futile.

The only evidence that Plaintiff has submitted in support of its "futility" argument is a letter from Nick-n-Willy's chief operating officer, Richard Weil, responding to a letter from Plaintiff. In the letter (attached as Exhibit 2 to the Declaration of Scott Mitchelson), Mr. Weil explains the status of other litigation involving Nick-n-Willy's, asks for information related to the sale of Nick-n-Willy's franchises in Washington, and offers to work through royalty payment issues with Plaintiff. Nothing in the letter suggests that a mediation demand would have been futile; on the contrary, the letter demonstrates Mr. Weil's desire to work with Plaintiff to resolve this matter short of litigation. (*See*, Exhibit 2 to the Declaration of Scott Mitchelson.)

Nick-n-Willy's moving papers outline the multiple authorities in favor of enforcing mandatory mediation provisions such as the one in the Agreement underlying Plaintiff's complaint, and it will not repeat those here. It is worth noting, however, that Plaintiff's response to the motion makes no effort whatsoever to distinguish any of the authorities cited by Nick-n-Willy's, nor does Plaintiff cite any authorities excusing its failure to comply with the mediation provision. Accordingly the Court should dismiss this case for failure to state a claim for relief on the grounds that the case was filed in violation of a contractual provision requiring pre-litigation procedures. Alternatively, the Court should enter an order staying this lawsuit and compelling mediation.

C. **Alternatively, the Court should dismiss Plaintiff's Complaint or transfer this lawsuit because this is an improper venue for the dispute.**

As explained in Nick-n-Willy's moving papers, the forum selection clause in the Agreement underlying Plaintiff's claims requires that all disputes arising out of or related to

///

NICK-N-WILLY'S REPLY IN SUPP. OF MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 5

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

the Agreement must be litigated in the state and federal courts of Denver, Colorado. Again, Plaintiff has not distinguished any of the authorities identified in Plaintiff's moving papers.

The sole argument that Plaintiff makes against transferring this lawsuit to the District of Colorado is Plaintiff's argument that RCW 19.100.160 gives the State of Washington "exclusive jurisdiction" over Nick-n-Willy's. But nothing in the statute provides for "exclusive" jurisdiction. RCW 19.100.160. This case should have been filed in Colorado pursuant to the terms of the Agreement.

## II. CONCLUSION

The Court should deny Plaintiff's improper request for remand for the reasons outlined above.

Further, for the foregoing reasons and for the reasons set out in Nick-n-Willy's moving papers, the Court should dismiss this case under Fed. R. 12(b)(6) and Fed. R. Civ. P. 12(b)(3) because Plaintiff filed this lawsuit prematurely in the wrong venue—ignoring the mandatory mediation and forum selection clauses in the Agreement. Alternatively, the Court should transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the District of Colorado.

DATED: September 9, 2011

BULLIVANT HOUSER BAILEY PC


By  /s/ Richard J. Whittemore
    Richard J. Whittemore, WSBA #32713
    E-Mail: richard.whittemore@bullivant.com

Attorneys for Defendants

13521665.1

NICK-N-WILLY'S REPLY IN SUPP. OF MOT. TO DISMISS, ALTERNATIVE MOT. TO COMPEL MEDIATION, AND ALTERNATIVE MOT. TO TRANSFER

Page 6

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351