UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWO GUYS, INC., a Washington Corporation, a.k.a. FRANCHISE INFUSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICK-N-WILLY'S FRANCHISE COMPANY, LLC, a Colorado limited liability company; and RICHARD WEIL, a Colorado resident, <br><br> Defendants. | CASE NO. C11-5537BHS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Nick-N-Willy's Franchise Company, LLC, and Richard Weil's ("Defendants") motion to dismiss, compel mediation, or to transfer venue (Dkt. 8). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion to dismiss for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 25, 2011, Plaintiff Two Guys, Inc., a.k.a. Franchise Infusion, Inc. ("Two Guys") filed a complaint against Defendants in Clark County Superior Court for the State of Washington. Dkt. 1, ¶ 1. Two Guys seeks rescission of an Area Developer Marketing

ORDER - 1

Agreement ("ADM"), which includes a provision that requires mediation before a legal action may be filed. Dkt. 9, Declaration of Richard J. Whittemore, Exh. 1, § 19.2.

On July 14, 2011, Defendants removed the matter to this Court. Dkt. 1.

On July 21, 2011, Defendant filed a motion to dismiss, compel mediation, or to transfer venue. Dkt. 8. On September 7, 2011, Two Guys responded. Dkt. 11. On September 9, 2011, Defendants replied. Dkt. 12.

## II.  DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, the ADM explicitly requires mediation before any party may file a legal action under the agreement. Two Guys has failed to allege that they participated in mediation. Therefore, the complaint lacks a cognizable legal theory for breach of contract.

With regard to Two Guys' response brief, the request to remand the matter back to state court is meritless for numerous reasons. The request is also improperly presented in a responsive brief. Therefore, the Court denies Two Guys' request to remand.

## III. ORDER

Iit is hereby **ORDERED** that Defendants' motion to dismiss, compel mediation, or to transfer venue (Dkt. 8) is **GRANTED** and this action is **DISMISSED**. The Clerk is directed to enter judgment for Defendants.

DATED this 3rd day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3